# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEPHEN KALE JENKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WACHOVIA BANK, N.A., WELLS )<br>FARGO BANK, N.A., and ALL )<br>PREDECESSOR AND SUCESSOR )<br>ENTITIES AND JOHN DOE )<br>CORPORATIONS )<br>)<br>Defendant. ) | CIVIL ACTION FILE<br>NO. 1:09-cv-1259 |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

Plaintiff has brought a lawsuit against Wachovia Bank, N.A. ("Wachovia"), and Wells Fargo Bank, N.A. ("Wells Fargo"), for claims arising out of the alleged theft of Plaintiff's personal information by a former employee of Wachovia and that employee's spouse. Plaintiff has alleged violations of the Federal Consumer Credit Protection Act, violations of 15 U.S.C. § 6801, negligence, invasion of privacy, breach of fiduciary duty and attorney's fees. Wachovia denies that it is liable to Plaintiff in any amount.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**Plaintiff Jenkins' Summary**

A Wachovia employee with the same last name as the Plaintiff "Jenkins" was allowed access by Wachovia to personal confidential information of Plaintiff Stephen Kale Jenkins. Mr. Jenkins was never a customer of Wachovia but rather a customer of South Trust from 1999-2001. Plaintiff Stephen Kale Jenkins closed all accounts with South Trust in 2001. Sometime after 2001, Wachovia acquired South Trust and Mr. Jenkins' personal confidential information. Thereafter, an employee of Wachovia believed to be Candice Jenkins – no relation to Plaintiff Stephen Kale Jenkins—obtained the personal confidential information regarding Plaintiff and provided it to her husband who made purchases of several hundred thousand dollars in 2007. Plaintiff Stephen Kale Jenkins has incurred time and expense in clearing his credit and other damages.

**Wachovia's Summary**

A Wachovia employee was arrested on April 30, 2007, for being an accessory with her husband for identity theft. The employee was terminated from Wachovia. Any actions taken by this employee were done outside the scope of her employment with Wachovia.

**(c)     The legal issues to be tried are as follows:**

**<u>Plaintiff Jenkins' Legal Issues</u>**

1. To what extent Wachovia is liable to Plaintiff Stephen Kale Jenkins under the Consumer Credit Protection Act (15 U.S.C. § 1601 *et seq.*) or the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*).

2. To what extent Wachovia is liable to Plaintiff Stephen Kale Jenkins under 15 U.S.C. § 6801, 12 CFR Part 353.3 and 12 CFR Part 364 Appendix B.

3. To what extent Wachovia is liable to Plaintiff Stephen Kale Jenkins under state law claims for negligent hiring/supervision and invasion of privacy.

4. To what extent Wachovia owed a fiduciary duty to Plaintiff Stephen Kale Jenkins.

Plaintiff reserves the right to amend and supplement following discovery as there may be additional claims that come to light in discovery.

**<u>Wachovia's Legal Issues</u>**

1. Whether Plaintiff has failed to state a claim.

2. Whether Plaintiff has stated a claim under the Consumer Credit Protection Act (15 U.S.C. § 1601 *et seq.*) or the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*).

3. Whether Plaintiff has a private right of action under 15 U.S.C. § 6801, 12 CFR Part 353.3 and 12 CFR Part 364 Appendix B.

4. Whether Plaintiff has properly stated a claim for negligent hiring and negligent supervision claim.

5. Whether Defendants owe a fiduciary duty to Plaintiff

  6. Whether Plaintiff has stated a claim for invasion of privacy.

  7. Whether Plaintiff has suffered any injuries as the proximate cause of the actions of Defendants.

  8. Whether the intervening criminal act of third party bars Plaintiff's claims.

  9. Whether any of Plaintiff's claims are barred by the statute of limitations.

**(d)** **The cases listed below (include both style and action number) are:**

  **(1)** **Pending Related Cases:** none

  **(2)** **Previously Adjudicated Related Cases:** none

**2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):**

 \_\_\_\_\_ **(1) Unusually large number of parties**
 \_\_\_\_\_**(2) Unusually large number of claims or defenses**
 \_\_\_\_\_ **(3) Factual issues are exceptionally complex**
 \_\_\_\_\_ **(4) Greater than normal volume of evidence**
 \_\_\_\_\_ **(5) Extended discovery period is needed**
 \_\_\_\_\_ **(6) Problems locating or preserving evidence**
 \_\_\_\_\_ **(7) Pending parallel investigations or action by government**
 \_\_\_\_ **(8) Multiple use of experts**
 \_\_\_\_\_ **(9) Need for discovery outside United States boundaries**
 \_\_\_\_ **(10) Existence of highly technical issues and proof**

**3.** **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

>James W. Kytle
>2921 Piedmont Road, Suite C
>Atlanta, Georgia 30305
>404-247-9987
>jkytle@mindspring.com

**Defendant:**

>Robert R. Ambler, Jr.
>John G. Perry
>Womble Carlyle Sandridge & Rice, PLLC
>271 17th Street NW
>Suite 2400
>Atlanta, GA 30363-1017
>Phone: (404) 872-7000
>rambler@wcsr.com
>joperry@wcsr.com

4. **Jurisdiction:**

   **Is there any question regarding this court's jurisdiction?**

   \_\_\_\_**Yes**    _X_ **No**

   If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   **(a)    The following persons are necessary parties who have not been joined:**

n/a

**(b)   The following persons are improperly joined as parties:**

Wells Fargo Bank, N.A. is not a proper party to this lawsuit.  Plaintiff was not a customer of Wells Fargo Bank, N.A. or any of its predecessor banks. Plaintiff was former customer of South Trust Bank, which was a predecessor of Wachovia Bank, N.A.  Therefore, Wachovia Bank is the only properly joined party.

**(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

n/a

**(d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**


**6.   Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiff may amend his pleadings to dismiss Wells Fargo Bank, N.A. Plaintiff may seek to amend following discovery to add additional claims that may come to light as a result of discovery.

**(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed,**

or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.   **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel:* before the close of fact discovery, currently October 15, 2009, or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions:* within twenty (20) days after the close of discovery, currently November 4, 2009 unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.   **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties will serve Initial Disclosures in accordance with Fed. R. Civ. P 26.

**9.     Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference with the Court at this time.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint (June 17, 2009). As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

This case has been assigned to a four (4) month discovery track.

**Please state below the subjects on which discovery may be needed:**

**Plaintiff Jenkins' Subjects for Discovery**

Discovery regarding liability of Wachovia and any other entities

Discovery of prior similar incidents involving Wachovia and any other affiliated entities

**Wachovia  Subjects for Discovery**

Discovery regarding damages claimed by Plaintiff

Discovery regarding Plaintiff's relationship with Wachovia or Wachovia's predecessors

Discovery regarding communications between Plaintiff and Wachovia

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties do not presently anticipate the need for extensions of the

discovery period, but may seek extensions if necessary.

**11.   Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None

**13.   Settlement Potential:**

**(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 3, 2009, via telephone, and that they participated in settlement discussions.**

**For Plaintiff:**
/s/ James W. Kytle

_____
James W. Kytle

**For Defendant:**
/s/ John G. Perry

_____
John G. Perry

**(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_X_)   A possibility of settlement before discovery.
(__)    A possibility of settlement after discovery.
(__)    A possibility of settlement, but a conference with the judge is needed.
(__)    No possibility of settlement.

**(c)   Counsel ( X ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference has not yet been determined.**

**(d)   The following specific problems have created a hindrance to settlement of this case.**

None.

**16.   Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)   The parties (_____) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 2009.**

**(b)	The parties (X) do not consent to having this case tried before a magistrate judge of this court.**

Submitted this 10th day of June, 2009.

| James W. Kytle | WOMBLE CARLYLE SANDRIDGE & RICE, PLLC |
|---|---|
| /s/ James W. Kytle<br>By:_____<br>James W. Kytle<br>Georgia Bar No. 430736<br>2921 Piedmont Road<br>Suite C<br>Atlanta, GA 30305<br>Phone: (404) 247-9987<br>jkytle@mindspring.com | /s/ John G. Perry<br>By:_____<br>Robert R. Ambler, Jr.<br>Georgia State Bar No. 014462<br>John G. Perry<br>Georgia State Bar No. 141609<br>271 17th Street, NW, Suite 2400<br>Atlanta, Georgia 30363-1017<br>Phone: (404) 872-7000<br>rambler@wcsr.com<br>joperry@wcsr.com |
| *Attorney for Plaintiff* | *Attorneys for Defendant Wachovia Bank, N.A. and Wells Fargo Bank, N.A.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHEN KALE JENKINS, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>WACHOVIA BANK, N.A., WELLS )<br>FARGO BANK, N.A., and ALL )<br>PREDECESSOR AND SUCESSOR )<br>ENTITIES AND JOHN DOE )<br>CORPORATIONS )<br>)<br>   Defendant. ) | CIVIL ACTION FILE<br>NO. 1:09-cv-1259 |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:_____

_____

   IT IS SO ORDERED, this _____ day of_____, 2009.

                                    _____
                                    The Honorable Marvin H. Shoob
                                    UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing has been electronically filed with the Clerk of Court and served on the following using the CM/ECF system:

>James W. Kytle
>Georgia Bar No. 430736
>2921 Piedmont Road
>Suite C

This 10th day of June, 2009.

>/s/ John G. Perry
>John G. Perry (GA#141609)

WCSR  4142508v2